————o————

## 5157.

### (Court of Appeal, Parish of Orleans).

## ROCKMART STOVE AND FOUNDRY COMPANY vs. ISAAC LEVY.

Questions of fact only are involved.

Appeal from the Civil District Court, Division ''B.''

Samuel Wolf, for plaintiff and appellant.

Solomon Wolff, for defendant and appellee.

GODCHAUX, J.—In November, 1905, plaintiff, a corporation of the State of Georgia and having its factory at Rockmart, Ga., effected through its salesman in New Orleans separate sales of stoves, etc., to several parties,

among them defendant, for delivery early in December, 1905; and in order to minimize the cost of transportation to the purchasers it was arranged that the stoves should go forward from Rockmart in one car load lot consigned to defendant who would distribute the stoves to the several purchasers, each of the latter depositing with the defendant his proportion of the freight charges.

The shipment having arrived in New Orleans on the date hereinafter shown, the defendant refused to accept delivery on the ground that delivery was tendered beyond the term fixed by the contract; and that act gives rise to this suit wherein plaintiff seeks to recover not only the price of the stoves that were sold to the defendant, but also damages, which, by the failure of the defendant to accept the consignment, plaintiff claims it has suffered through its consequent inability to secure possession and make delivery of the other stoves to the remaining purchasers.

The first question that arises is whether the contract between the parties, which was oral, stipulated that the delivery should be complete when the stoves were loaded on the cars at Rockmart, or upon notice of the arrival of the car in New Orleans; for if delivery to the carrier at Rockmart constituted a fulfillment of the contract, the delays which ensued furnish no legal ground for defendant's refusal to accept the consignment.

Upon this question plaintiff's evidence as well as that of the defendant is almost devoid of positive proof, and the court can determine what the terms of the contract were in this respect only from the acts and conduct of the parties after the contract had been made. Insofar as plaintiff is concerned its acts were such as to show conclusively that it concedes itself responsible and chargeable with any delays reoccurring during the shipment and until delivery of the goods by the carrier to the defendant.

In th first place defendant refused to accept the goods on January 27, 1906, and plaintiff, by letter of January 29th, insisted that defendant had no right to reject same and should hold the carrier alone responsible for the delay. Between the latter date and July, 1906, it does not appear that plaintiff made any further effort to communicate with the defendant, to collect its claim, or to insist upon defendant taking the stoves; on the contrary, during this period the plaintiff appears to have treated the loss as its own, for it first attempted to secure reimbursement from the railroad and then, failing in this, endeavored to sell the whole consignment of stoves to various parties in New Orleans, including the original purchasers of the stoves. It was not until it had met with failure in these respects that plaintiff revived its claim against defendant in July, 1906.

Plaintiff's action in attempting to secure from the carrier reimbursement for loss suffered by reason of the delay, and its further action in still treating the property as its own after defendant's refusal to accept the stoves, are preclusive of the idea that the property passed to defendant upon the delivery to the carrier, or that delays of carriage were assumed by defendant. In the next place there is in the record evidence introduced by plaintiff itself which shows that a delivery in New Orleans was contemplated by the parties, for before the shipment arrived one of the purchasers notified the plaintiff that he would not, on account of the delay, accept the goods when they did arrive, unless plaintiff changed the terms of payment; and, thereupon, plaintiff admitted that the loss due to the delay was chargeable to it and conceded the purchaser's right to reject the stoves unless the terms were amended.

This admission made at a time unsuspicious prior to defendant's rejectment of the shipment and before any

controversy arose, considered in connection with plaintiff's action thereafter, leads to the conclusion that the contract stipulated that delivery should be made in New Orleans.

There remains to be considered whether or not delivery was made or tendered within the time contemplated by the contract. While it is true that delivery to the carrier did not take place until December 8th, and while it is also true that the shipment had not been received by Levy by January 8, 1906, though the contract provided for delivery early in December, still the delays up to that point were apparently waived by defendant, who on January 8, 1906, wired plaintiff as follows:

"No car in yet trace."

Meanwhile, though the car appears to have actually arrived in New Orleans at the freight depot of the Illinois Central Railroad on or about December 25, 1905, still the defendant contends to have received no notice of its arrival until January 27th, on which date the defendant wired that the stoves had arrived but would not be accepted on account of the delay. Plaintiff claims that defendant was notified by the Illinois Central Railroad by postal on December 26th of the arrival of the goods, but as this postal was addressed, "I. Levy, New Orleans" when, as suggested in argument, there appears to be eight "I. Levy's" located in different parts of the city, defendant's denial of receipt of this notice appears truthful, and furthermore secures corroboration in the fact that he would not have wired plaintiff on January 8th to trace the shipment had he then known of its arrival. Other details of the transaction appearing in the record lead the court to the conclusion that Levy knew nothing of the arrival of the shipment until January 27th and on that date, owing to the delay, he

had the legal right to refuse to accept or have anything to do with the consignment.

The lower court rejected plaintiff's demand and its judgment is now affirmed.

St. Paul, J., takes no part.

January 23, 1911.

———o———

5191.

(Court of Apeal, Parish of Orleans).